UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JASON GRANT,

                Plaintiff,

v.                                                Case No. 23-cv-1517-pp

GREG VAN RYBROEK, ASHLEY HUEMPFER
and ERICA LACA,

                Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

      Plaintiff Jason Grant, who is incarcerated at Mendota Mental Health Institute (MMHI) and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This order resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On November 28, 2023, the court ordered the plaintiff to pay an initial partial filing fee of $81.79. Dkt. No. 6. The court received that fee on December 8, 2023. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.   The Plaintiff's Allegations

The complaint names as defendants Greg Van Rybroek, Ashley Huempfer and Erica Laca. Dkt. No. 1 at 1. The defendants are current or former MMHI employees: Van Rybroek is the director, Huempfer is a unit manager and Laca is a former staff member. Id.

The plaintiff alleges that he is a patient at MMHI. Id. at 2. He says that when Laca worked at MMHI, she "used her position of authority and money to conjoled [*sic*] the plaintiff to have a[n] inappropriate, sexual relationship with her." Id. The plaintiff says this relationship lasted from December 2020 until March 2021 on the "Trac-2" unit. Id. The plaintiff alleges that the unit cameras

"were inadequate and not monitor[ed] to professional standard," which enabled Laca to use her position of power to influence the plaintiff "to participate in lewd conduct." Id.

The plaintiff alleges that Van Rybroek "would permit MMHI to launch a[n] investigation into allegations" about his relationship with Laca. Id. at 2–3. Laca resigned after the investigation had been proceeding for weeks, and Van Rybroek "allow[ed] the investigation to abruptly end." Id. at 3. The plaintiff says Van Rybroek "failed to throughly [*sic*], and properly investigation [*sic*] the allegations between a[n] employee and patient." Id. He alleges that during the investigation, his room was "tore apart," and Huempfer "read his legal and personal [letters]" and confiscated the letters and other documents "once the room search was completed." Id. The plaintiff claims this was discrimination against him as "a primary subject of a[n] investigation lau[n]ched by MMHI." Id.

The plaintiff seeks damages—"money deem fit by the jury"—for MMHI's alleged failure "to take reasonable steps to ensure his safety, failing [to] properly investigate allegations between a staff and patient, discrimination, and violation of [his] due process rights." Id. He also says, without elaboration, that "MMHI has violated [his] rights to receive mail six days a week since [he] arrive[d] at MMHI in 2020." Id. He also asks that the court end MMHI's "discriminatory practices." Id. at 4.

C.   Analysis

The complaint's primary allegation is that Laca forced the plaintiff into an inappropriate sexual relationship with her. The court reviews this claim

4

under the Eighth Amendment, which protects a convicted person from cruel and unusual punishments. See generally Wilson v. Seiter, 501 U.S. 294 (1991). To establish that Laca's conduct violated the plaintiff's Eighth Amendment rights, the plaintiff must show that Laca acted with deliberate indifference to an excessive risk to the plaintiff's health or safety. J.K.J. v. Polk County, 960 F.3d 367, 376 (7th Cir. 2020) (sexual assaults that correctional officer committed against incarcerated individuals imposed serious risk to their safety, and officer knew of the danger) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)); see also Washington v. Hively, 695 F.3d 641, 643 (7th Cir. 2012) ("An unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights whether or not the force exerted by the assailant is significant.").

The plaintiff alleges that Laca used money and "her position of authority" to coax him into a sexual relationship. He does not say that the relationship took place against his will, and he does not describe the extent of the relationship beyond saying that Laca "influence[d]" him "to participate in lewd conduct." But the court can infer from the plaintiff's allegations and description of the relationship as "inappropriate" that he did not willingly participate. His allegations that Laca used her employment to "coerce[] him to have a sexual relationship with her against his will implicates his rights under the Eighth Amendment." Jones v. Heidt, No. 23-cv-121-pp, 2023 WL 3984580, at *2 (E.D. Wis. June 13, 2023). The plaintiff may proceed against Laca in her individual capacity on an Eighth Amendment claim.

5

The plaintiff alleges that director Van Rybroek launched an investigation into allegations about the inappropriate relationship between Laca and the plaintiff. He says that Laca resigned while the investigation was ongoing, and that Van Rybroek ended the investigation. The plaintiff claims that Van Rybroek did not thoroughly or properly conduct this investigation. But he also alleges that as part of the investigation, Huempfer searched his cell and confiscated his documents. (The court will address the claim against Huempfer below.)

The court suspects that the plaintiff seeks to hold Van Rybroek liable because he is the director of MMHI and was at the time of the alleged events between the plaintiff and Laca. But a supervisor like Van Rybroek may be held liable only for his or her own conduct, not the conduct of subordinates (like Laca). See Iqbal, 556 U.S. at 676; Day v. Subsecretario del Sistema Penitenciario Federal, 838 F. App'x 192, 193 (7th Cir. 2021). A supervisor also may be held liable under §1983 if he or she "know[s] about the conduct and facilitate[s] it, approve[s] it, condone[s] it, or turn[s] a blind eye for fear of what they might see." Sanville v. McCaughtry, 266 F.3d 724, 740 (7th Cir. 2001). But the complaint does not allege that Van Rybroek did any of those things. It alleges the opposite—that Van Rybroek did not know about the conduct and investigated it, rather than condoning it or turning a blind eye towards it. Although the plaintiff says Van Rybroek's investigation was not proper or thorough, he does not explain how it was lacking or what more could or should have been done. The complaint does not state a claim against Van Rybroek.

The court will not allow the plaintiff to proceed against Van Rybroek and will dismiss him from the case.

The plaintiff alleges that Huempfer "tore apart" his cell while searching it for evidence related to the inappropriate relationship with Laca and read and confiscated his legal and personal letters and other documents. The plaintiff does not have a constitutional right to be free from cell searches while incarcerated. See Hudson v. Palmer, 468 U.S. 517, 526 (1984). He does have a right not to have his personal property taken without cause. Gullikson v. City of Milwaukee Municipality, Case No. 17-cv-105-pp, 2017 WL 3301361, at *2 (E.D. Wis. Aug. 2, 2017) (citing Supreme Video, Inc. v. Schauz, 15 F.3d 1435, 1443 (7th Cir. 1994)). But the complaint alleges that the plaintiff's property was taken as part of the investigation, which provided cause for the search and seizure.

The plaintiff may seek the return of his personal property. But claims for deprivation of property are not actionable under §1983 if adequate state remedies are available to redress the deprivation, even if the property is taken intentionally. See Hudson, 468 U.S. 533; Parratt v. Taylor, 451 U.S. 527 (1981), partially overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330–31 (1986). The State of Wisconsin "provides several post-deprivation procedures for challenging the taking of property." Cole v. Litscher, 343 F. Supp. 2d 733, 742 (W.D. Wis. 2004) (citing Wis. Const. art. I, §9; Wis. Stat. §§810 and 893). That means that if the plaintiff seeks the return of his property, he must do so in state court.

The allegations about the seizure of the plaintiff's legal mail could suggest a violation of his right to access the courts. See Bounds v. Smith, 430 U.S. 817, 821–22 (1977) (citing Ex Parte Hull, 312 U.S. 546 (1941)). But the plaintiff does not say what the confiscated legal mail was, nor does he allege whether Huempfer's taking of his letters and documents affected any pending litigation. These are elements he must allege to state an access to courts claim. See Christopher v. Harbury, 536 U.S. 403, 416 (2002) (citing Lewis v. Casey, 518 U.S. 343, 353 & n.3 (1996)) ("Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant."). The complaint does not state a viable claim related to Huempfer's searching the plaintiff's cell or confiscating his mail and the court will dismiss defendant Huempfer.

The plaintiff claims that the search of his cell and seizure of his property were discriminatory because he was the subject of an MMHI investigation. The Equal Protection Clause of the Fourteenth Amendment protects against arbitrary discrimination "unrelated to the character of the activity allegedly discriminated against." Reed v. Faulkner, 842 F.2d 960, 962 (7th Cir. 1988). To state an Equal Protection claim, an incarcerated person must allege that the "defendants intentionally treated him differently because of his race . . . ethnicity, sex, religion, or other proscribed factor." Lisle v. Welborn, 933 F.3d 705, 719–20 (7th Cir. 2019) 719–20 (citing Ortiz v. Werner Enterprises, Inc., 834 F.3d 760 (7th Cir. 2016)); see also David K. v. Lane, 839 F.2d 1265, 1271–

8
Case 2:23-cv-01517-PP   Filed 01/02/24   Page 8 of 12   Document 7

72 (7th Cir. 1988) (collecting cases and noting that discrimination must be intentional, purposeful or have a discriminatory motive). The plaintiff does not allege that he was targeted for any protected reason, such as his race, religion or sex. Nor does he allege that the search of his cell and seizure of his property were arbitrary or discriminatory in nature. He alleges that the search and seizure were conducted because MMHI was investigating him and his inappropriate relationship with Laca. That specific, non-arbitrary reason for searching the plaintiff's cell and confiscating his documents does not support a claim under the Fourteenth Amendment. The complaint does not state a claim related to the search of the plaintiff's cell and seizure of his property.

Finally, the plaintiff claims that MMHI violated his "rights to receive mail six days a week." Incarcerated persons retain a First Amendment right to send and receive mail. Thornburgh v. Abbott, 490 U.S. 401, 413 (1989); Kaufman v. McCaughtry, 419 F.3d 678, 685 (7th Cir. 2005) (citing Rowe v. Shake, 196 F.3d 778, 782 (7th Cir. 1999)). But this right is not limitless. For example, prison officials still may examine the mail of incarcerated persons to ensure that it does not contain contraband. Kaufman, 419 F.3d at 685 (citing Wolff v. McDonnell, 418 U.S. 539, 576 (1974), and Rowe, 196 F.3d at 782). Any deprivation of this First Amendment right may constitute a cognizable injury for a claim under §1983. See Owen v. Lash, 682 F.2d 648, 652 n.4 (7th Cir. 1982) But the plaintiff provides little detail about this claim. He does not say whether MMHI confiscated or withheld his mail or merely delayed providing it to him or delivered it only on certain days. He does not say whether his mail

was legal mail in pending litigation or personal mail. If it was legal mail, he does not explain whether it was from a court or an attorney, whether it related to pending litigation and whether not timely receiving it affected that litigation. The plaintiff may have a viable First Amendment claim about his mail, but his complaint does not allege sufficient facts to state such a claim. The court will not permit him to proceed on a First Amendment claim.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** defendants Greg Van Rybroek and Ashley Huempfer.

Under an informal service agreement between the Wisconsin Department of Justice and the court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendant Erica Laca. Under the informal service agreement, the court **ORDERS** the defendant to respond to the complaint within 60 days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$268.21** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number.

If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Director of Mendota Mental Health Institute.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and completing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 2nd day of January, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**