UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JASON GRANT,

       Plaintiff,

v.                  Case No. 23-cv-1517-pp

ERICA LACA,

       Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO 8)**

---

On January 2, 2024, the court screened plaintiff Jason Grant's *pro se* complaint under 42 U.S.C. §1983 and allowed him to proceed on an Eighth Amendment claim against defendant Erica Laca in her individual capacity. Dkt. No. 7 at 5. The court dismissed defendants Greg Van Rybroek and Ashley Huempfer and the plaintiff's other claims, including a claim under the Equal Protection Clause of the Fourteenth Amendment and a First Amendment claim related to his mail. Id. at 6–10. The court ordered service of the complaint on defendant Laca and ordered her to respond within sixty days. Id. at 10.

Two weeks later, on January 16, 2024, the court received a document from the plaintiff titled "motion to reconsider." Dkt. No. 8. The plaintiff says that he "wholeheartedly apologized [*sic*] to the court for inarticulate complaint filed to the court." Id. at 1. He asks "the court to accept the amendments to the complaint," reinstate Van Rybroek and Huempfer as defendants for his Eighth Amendment claim and allow him to proceed against Mendota Mental Health

Institute on Fourteenth and First Amendment claims. Id. The plaintiff says he has "limited knowledge to the law and the Federal [R]ules of Civil Procedure and failed to disclosed [*sic*] relevant facts and details to the constitutional violations." Id. He says that if the court afforded him "a[n] opportunity to amend the complaint, the plaintiff strong believe the would [*sic*] have ruled different in the ordered [*sic*] filed 01/02/24." Id.

The plaintiff asks to add "some light and additional details to the involvement of" defendants Van Rybroek and Huempfer. Id. These details include purported violations of the plaintiff's right to due process during the investigation into Laca's alleged sexual assault of the plaintiff. Id. The plaintiff asserts that Van Rybroek abruptly ended the investigation "out of fear of what tantamount of turning a eye for fear of what they might see [*sic*]." Id. at 1–2. He says that Huempfer "participate[d] in the violations of privacy and due process, when the defendant attempted to listen to the plaintiff phone call and search and seizure of property in living quarter [*sic*]." Id. at 2. He says Huempfer did not give him "a chance to express and demonstrate his innocence before or after the search and seizure of his property." Id. The plaintiff reiterates his allegations about MMHI's mail policies and lists several dates on which he says MMHI withheld his mail. Id. He adds "more details and actions of MMHI that clearly demonstrate arbitrary discrimination." Id. at 2–3. The plaintiff ends by asking "the court to reconsider the ordered [*sic*] filed 01/02/24, following the review if [*sic*] additional facts and details." Id. at 3.

2

The plaintiff has not stated a legal basis for his motion. The court will construe his motion as if he had brought it under Federal Rule of Civil Procedure 54, which provides in part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Motions for reconsideration serve a limited function. They allow the court to correct manifest errors of law or fact or the plaintiff to present newly discovered evidence that was not available before the court ruled. Caisse Nationale de Credit v. CBI Industries, 90 F.3d 1264, 1269 (7th Cir. 1996). They are not a mechanism for losing parties to reargue issues decided against them. Id. at 1270. A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

The plaintiff has not asserted that the court made a manifest error of law or fact when it screened his complaint. He does not suggest that the court misapplied or failed to recognize a controlling precedent in the screening order. Nor does he allege that he has newly discovered evidence to present that was not available to him before the court screened his complaint. He says that he did not provide adequate facts or details about the allegations in his complaint.

He asks the court to consider this new (but not newly discovered) information and to reinstate the dismissed claims and defendants.

The plaintiff provides these "additional details," but most of the information is the same as that alleged in the complaint. The court explained in the previous order why the plaintiff's allegations against defendants Van Rybroek and Huempfer were insufficient to state a claim. The court explained why the plaintiff did not state a claim under the Equal Protection Clause of the Fourteenth Amendment or under the First Amendment. Because the plaintiff does not suggest that the court made any error of law or fact, and because he does not provide newly discovered evidence that was not previously available to him, the court will deny his motion for reconsideration.

Although the plaintiff did not ask leave to file an amended complaint, the court suspects that that is what the plaintiff is seeking to do. But the plaintiff's motion does not reallege his claims against Laca or much of the information from the complaint. An amended complaint "supersedes all previous complaints and controls the case from that point forward." Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999) (citing Carver v. Condie, 169 F.3d 469, 472 (7th Cir. 1999)). That means the plaintiff must reallege any facts or claims from his original complaint in an amended complaint; he may not refer the court back to or rely on his previous complaint. If he does not reallege those facts or claims, the court considers the plaintiff to have abandoned them and will allow him to proceed only on the facts and claims alleged in the amended complaint. The court does not believe the plaintiff wishes to abandon his claims against

Laca, but that is what would happen if the court were to construe his motion for reconsideration as an amended complaint and allow him to proceed on that amended complaint.

If the plaintiff wants to ask the court to allow him to file an amended complaint, he must comply with the Federal Rules of Civil Procedure and the court's Civil Local Rules. The plaintiff must file a motion asking the court for leave to allow him to amend his complaint. See Fed. R. Civ. P. 15(a)(1), (2). The plaintiff must prepare a proposed amended complaint, must attach the proposed amended complaint to the motion to amend and must explain in the motion "specifically what changes are sought by the proposed amendments." Civil Local Rules 15(a)–(b) (E.D. Wis.).

The plaintiff should ensure that any proposed amended complaint provides the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? An amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights. The court advises the plaintiff to limit any amended complaint to five pages in length, double-spaced. As the court explained above, he must reallege *all* facts on which he wants to proceed. He may not refer back to or rely on his original complaint. If he chooses to file an amended complaint, the plaintiff's failure to follow these instructions will

delay the court's review of any amended complaint. The court advises the plaintiff that if he files a proposed amended complaint that merely realleges the facts that the court previously determined did not state a claim against Van Rybroek, Huempfer or MMHI, the court likely will deny his request to amend and will not give him a second opportunity to do so.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 8.

Dated in Milwaukee, Wisconsin this 8th day of February, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**